UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO GARCIA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RAMESH SOOD, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-08584-JCS<br><br>**ORDER DENYING ADMINISTRATIVE MOTION WITHOUT PREJUDICE**<br><br>**ORDER TO SHOW CAUSE WHY UNRUH ACT CLAIM SHOULD NOT BE DISMISSED**<br><br>Re: Dkt. No. 27 |

## I.   ADMINISTRATIVE MOTION

On July 5, 2022, Plaintiff Orlando Garcia filed an administrative motion under Civil Local Rule 7-11 for an order requiring Defendants to provide three dates of availability for a settlement meeting under paragraph 8 of General Order 56, and awarding Garcia his attorneys' fees for bringing this motion after Defendants failed to respond to a request for the settlement meeting. Local Rule 7-11 provides for an expedited schedule and perfunctory briefing of "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order . . . such as motions to exceed otherwise applicable page limitations or motions to file documents under seal." Civ. L.R. 7-11. Garcia's request does not fall within that scope, at the very least with respect to his request for monetary sanctions. *See* Civ. L.R. 7-8 (requiring motions for sanctions to comply with Civil Local Rule 7-2). The administrative motion is therefore DENIED without prejudice to bringing a noticed motion under Civil Local Rule 7-2, after the order to show cause below is resolved.

## II.   ORDER TO SHOW CAUSE

Garcia brings a federal claim under the Americans with Disabilities Act ("ADA") and, invoking the Court's supplemental jurisdiction under 28 U.S.C. § 1367, a state law claim under California's Unruh Civil Rights Act. The Ninth Circuit has held that comity concerns arising from

California's procedural rules for disability access cases brought by frequent plaintiffs like Garcia constitute exceptional circumstances that may be sufficient to decline supplemental jurisdiction. *See Arroyo v. Rosas*, 19 F.4th 1202, 1211–14 (9th Cir. 2021). This Court has previously held that the reasoning of *Arroyo* warrants declining jurisdiction in a typical case where a high-frequency litigant has brought parallel ADA and Unruh Act claims and no decision has yet been reached on the merits of either claim. *See generally Garcia v. Maciel*, No. 21-cv-03743-JCS, 2022 WL 395316 (N.D. Cal. Feb. 9, 2022). Garcia is therefore ORDERED TO SHOW CAUSE why the Court should not decline to exercise supplemental jurisdiction over his Unruh Act claim for the reasons stated in *Garcia v. Maciel*, by filing a response to this order no later than July 20, 2022. Defendants may file an optional response supporting or opposing the exercise of supplemental jurisdiction by the same deadline.

All other deadlines are STAYED pending the resolution of that issue.

**IT IS SO ORDERED.**

Dated: July 6, 2022

_____
JOSEPH C. SPERO
Chief Magistrate Judge